QUINCE, Associate Judge.
This case arises out of the attempted adoption of S.A.B. by B.D.B., the child’s stepfather. We believe that the trial court correctly determined, under prevailing case law, that the biological father’s consent was needed before B.D.B. could adopt the child. We therefore affirm the trial court’s denial of adoption.
Robert Wilson (Wilson), the biological father, and the mother of the child began dating when both worked at a mall in Tampa, Florida. S.A.B. was conceived when the mother was fifteen and Wilson eighteen. After the pregnancy was confirmed, both parties were upset, and the relationship began to deteriorate. Wilson did not provide any emotional or financial support to the mother during the pregnancy. As their relationship ended, the mother told Wilson that he was not the child’s father. In the seven and one-half years following the child’s birth, Wilson neither kept in frequent contact with S.A.B. nor provided for the child’s well-being or support. Shortly after the child was born the mother began a relationship with B.D.B. The child considers B.D.B. her father, and he supports the child both financially and emotionally. In late 1995, Wilson contacted the mother, at which time she confirmed Wilson’s paternity. Wilson thereafter requested a paternity determination.[1] In 1997, B.D.B. married the mother and sought to adopt the child.
Section 63.062, Florida Statutes (1997), governs our disposition of this case. This section provides that certain persons are required to give their consent before an adoption petition may be granted. One such person is the biological father. However, pursuant to section 63.072, Florida Statutes (1997), a parent’s consent may be waived if the parent: (1) has deserted the child; (2) has abandoned the child; (3) has had his/her parental rights terminated; or (4) has been judicially declared incompetent. Thus, a father shown to have abandoned his child is not required to consent prior to the adoption.
At the hearing on the adoption petition, the mother and prospective adopter argued that the child had bonded with B.D.B. and that B.D.B. was taking care of the emotional and financial needs of the child. The mother and B.D.B. had gotten married, and the child has called B.D.B. father for the last five years. Additionally, they argued that the biological father had never done anything for the child and had, in essence, abandoned the child. Thus, they argued that it was in the best interest of the child to grant the adoption petition. Wilson, on the other hand, argued that the mother told him that he was not the father of the child. He also argued that the mother would not accept his phone calls, and it was only in recent years that the mother had acknowledged that he was the biological father of the child. Wilson also said that he filed a paternity action and request for visitation after the mother refused to grant visitation voluntarily.
In the order denying the petition for adoption, the trial court found that the mother failed to prove by clear and convincing evidence that the biological father abandoned the minor child, thus, the biological father’s consent was necessary be *525 fore adoption could be approved. The record in this case supports these conclusions. However, the trial court also stated, “That the Court has not considered the best interest of the minor child in accordance with applicable case law.” It is this statement that B.D.B. argues is error by the trial court.
While the best interest of the child might be better served in this instance by allowing B.D.B. to adopt this child since he has been the father figure for the child for most of her life and has taken care of the child both emotionally and financially, the best interest of the child is not the standard to apply in determining whether the court can waive the consent of a natural parent to an adoption. Cases from this court and other district courts of appeal unequivocally state that the best interest of the child will not obviate the necessity for the consent of a biological parent. See Solomon v. McLucas, 382 So.2d 339 (Fla. 2d DCA 1980); In re Adoption of M.A.H., 411 So.2d 1380 (Fla. 4th DCA 1982); Matter of Adoption of Cottrill, 388 So.2d 302 (Fla. 3d DCA 1980). Wilson, the biological father, does not consent to this adoption.
The trial court’s order denying the petition for adoption is hereby affirmed.
PARKER, C.J., and FULMER, J., Concur.

. While the record indicates Wilson filed a paternity action, there is nothing in the record concerning whether or not he is required to pay child support. Since Wilson is asserting his rights as the biological father, he should also be required to shoulder his responsibilities as a father.